# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| *v* | * | **Criminal N° 08-110-02 (TFH)** |
| | * | |
| **ROBERT ROBBINS** | * | |

### DEFENDANT ROBBINS' REPLY TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL

Defendant, Robert Robbins, by and through counsel, respectfully submits this reply to the government's opposition to Defendant's motion to dismiss for lack of speedy trial under the Speedy Trial Act, 18 USC § 3161 *et seq* and under the Sixth Amendment to the United States Constitution.

1.   The government in its opposition is for the first time asking the court to exclude approximately 270 days from the speedy trial clock after the speedy trial clock has already run.

2.   The government asserts that the basis for excluding the entire period between July 25, 2008 and February 25, 2009 is 18 USC § 3161(h)(8)(A). Under that section of the Speedy Trial Act, the court may exclude any period of delay from the calculation if it finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

3.   However, the time for raising the request for exclusion of time has long passed; the government should have requested, and the court needed to have granted, any exclusion of time *during* the 70-day period within which trial should have begun. *United States v Carey*, 726 F2d 228 (CA 4 1984), *cert denied* 105 SCt 1398 (1985); *United States v Keith*, 42 F3d 234 (4th Cir 1994). Defendant does not dispute that where the government requests a continuance *before* expiration of allowable time for commencement of trial, the court validly excludes time for speedy trial purposes

even if the court documents its findings after time has expired.  *United States v Edwards*, 627 F2d 460 (DC Cir1980). However, where the government requests a continuance *after* expiration of allowable time for commencement of trial, as it is doing in this case, granting a *retroactive* continuance is forbidden.  In *Carey*, directly on point with the issue at hand, the court stated

> Section 3161(h)(8)(A), on which the court relied, excludes delay resulting from a continuance granted on the basis of findings that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Recent cases uniformly hold that nunc pro tunc or retroactive continuances that are made after the expiration of the time within which the defendant should have been tried for reasons the judge did not consider before lapse of the allowable time are inconsistent with the Act. *See United States v. Frey,* 735 F.2d 350 (9th Cir.1984); *United States v. Richmond,* 735 F.2d 208 (6th Cir.1984); *United States v. Janik,* 723 F.2d 537 (7th Cir.1983); *United States v. Carrasquillo,* 667 F.2d 382 (3d Cir.1981). The opinions in these cases are based upon thorough analysis of the Act and consideration of its legislative history. We agree with the conclusions they reach about the invalidity of nunc pro tunc continuances after expiration of the time prescribed by the Act for the commencement of the trial. (Footnote omitted.)

*Carey* at 230; *see also United States v Tunnessen*, 763 F2d 74 (2d Cir 1985)("Congress intended that the decision to grant an ends-of justice continuance be prospective, not retroactive; an order granting a continuance on that ground must be made at the outset of the excludable period.").

4.   The government never requested a continuance before the expiration of the 70-day period in this case. Instead, the government cites irrelevant details of the measures it took in two recent companion cases (07-152 and 07-153) in which it did ask the court during the 70-day period to suspend the computation of time pursuant to the Speedy Trial Act based on the complex nature of those cases and their voluminous discovery. (*See* Government's Exhibit 1.) Although the government had ample time to request an exclusion of time in this case, it chose not to do so. It is only now—approximately 270 days after Defendant's arraignment, and in its opposition to Defendant's motion to dismiss the indictment for lack of speedy trial— that the government seeks a retroactive

2

continuance based on the complexity of the case and in the interest of justice.  Under *Carey, supra,* this court is not at liberty to grant the government's belated, improperly presented request.

5.   The government also supports its request for a retroactive continuance based on the "numerous problems with the representation of the defendants." Notwithstanding those problems during the 270-day period, neither the defense nor the government sought a continuance under 18 USC § 3161(h)(8)(B)(ii) and the government provides no authority to support its argument. Therefore, the court cannot now rectify the problem for the government by retroactively granting its request for exclusion of the 270 days that have elapsed since Defendant's arraignment.

6.   The government also seeks a retroactive continuance based on its argument that government counsel are unavailable for trial until the completion of the trial in case 07-153. Even though that may be true, the government did not raise this argument within the 70-day period following Defendant's arraignment.

7.   Finally, the government's opposition fails to address the Defendant's computation of the speedy trial deadline and, therefore, the government should be held to have conceded that issue.  The government simply states that the speedy trial clock began to run on July 25, 2008 (which Defendant agrees) but that due to the complexity of the case and certain pre-trial motions filed by the defendants, all of the rest of the time should be excluded from the speedy trial calculation.  Not only has the government failed to make a timely "excludable time" request as noted above, it fails to address Defendant's arguments for why the pertinent pre-trial motions filed by defendants result in very small portions of excludable time which in no way extended the required commencement of trial beyond October 3, 2008 or, at the very latest, November 12, 2008.

**WHEREFORE**, for the foregoing reasons and any others that may appear to the court at the hearing on his motion, the Defendant respectfully requests that the court dismiss the indictment in this case with prejudice for lack of a speedy trial and release him.

Respectfully submitted,

*Joseph Virgilio*

_____

Joseph Virgilio   (Bar Nº 237370)
1629 K Street NW
Suite 300
Washington   DC   20006-1631
202.686.6914
ATTORNEY FOR ROBERT ROBBINS
Appointed by the Court